J-S35037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RICHARD M. GRILLO, | : | |
| | : | |
| Appellant | : | No. 2287 EDA 2014 |

Appeal from the Judgment of Sentence July 21, 2014
in the Court of Common Pleas of Pike County,
Criminal Division, No(s): CP-52-CR-0000242-2010

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E. and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:               **FILED JUNE 08, 2016**

Richard M. Grillo ("Grillo") appeals from the judgment of sentence imposed following his "***Alford*** plea"[1] to two counts of criminal trespass – buildings and occupied structures.[2]  Additionally, Grillo's counsel, Oressa P. Campbell, Esquire ("Attorney Campbell"), has filed a Petition to Withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We grant Attorney Campbell's Petition to Withdraw, and affirm Grillo's judgment of sentence.

---

[1] The ***Alford*** plea derives its name from the United States Supreme Court decision in ***North Carolina v. Alford***, 400 U.S. 25 (1970).  The ***Alford*** plea is substantially similar to the practice in Pennsylvania concerning *nolo contendere* pleas.  ***See Commonwealth v. Shaffer***, 446 A.2d 591, 596 (Pa. 1982).  We will therefore hereinafter refer to Grillo's plea as *nolo contendere*.

[2] ***See*** 18 Pa.C.S.A. § 3503(a)(1)(i).

In April 2010, Grillo burglarized two homes located in Pike County, after which police apprehended him following a foot chase. The Commonwealth charged Grillo with the above-mentioned crimes, among several others, including burglary and theft by unlawful taking. Grillo failed to appear at his preliminary hearing in May 2011,[3] and a bench warrant was issued for his arrest. The authorities eventually located Grillo in New York State in September 2012, where he was incarcerated for committing new crimes.[4]

Grillo was extradited to Pike County under the Interstate Agreement on Detainers ("IAD"), 42 Pa.C.S.A. § 9101, *et seq.* In the following months, Grillo filed numerous pretrial Motions (as well as a voluminous amount of other *pro se* and counseled filings), including a Motion for Dismissal of Charges, Motion for *Habeas Corpus* Relief, Application for Funds for Psychiatric Evaluation, and Motion to Suppress Evidence (hereinafter collectively referred to as "Grillo's Pretrial Motions"). The trial court denied all of Grillo's Pretrial Motions.

On July 21, 2014, Grillo entered a negotiated *nolo contendere* plea to two counts of criminal trespass. In exchange for Grillo's plea, the Commonwealth agreed to dismiss the remaining charges against Grillo and

---

[3] A few days after his arrest, Grillo was released from jail after he posted bail.

[4] The record indicates that Grillo was serving a sentence in New York State of 25 years to life in prison, for an unspecified felony he committed in Sullivan County, New York.

recommend an aggregate sentence of one to two years in prison, plus the imposition of $500 in restitution. On July 21, 2014, the trial court imposed the agreed-upon prison sentence, and ordered this sentence to run concurrently with the sentence that Grillo was already serving in New York State. The sentencing court gave Grillo credit for the nearly two years that he had served in the Pike County Correctional Facility from the date of his transfer from New York State, on September 17, 2012, to the date of sentencing. As part of his sentence, Grillo was ordered to pay court costs and fees, a fine of $200 on each of his convictions, and $500 in restitution, to be split by the victims. A few days after sentencing, Grillo filed a *pro se* Motion challenging the sentencing court's imposition of fines, costs, and restitution (which totaled $1,850). The trial court denied this Motion on August 5, 2014.

On August 7, 2014, Grillo timely filed a *pro se* Notice of Appeal. The trial court ordered Grillo to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Grillo timely filed a *pro se* Concise Statement. On August 19, 2014, the trial court ordered that Grillo be transferred to the Sing Sing Correctional Facility in New York State, pursuant to the IAD.[5]

---

[5] Shortly after the August 19, 2014 Order, Grillo reached the maximum of the incarceration portion of his sentence imposed in the instant case of two years in prison.

By an Order dated November 25, 2014 (in response to an Order from this Court), the trial court appointed Attorney Campbell to represent Grillo.[6] In June 2015, Attorney Campbell filed with this Court a Petition to Withdraw as counsel and an *Anders* Brief, asserting that all of the claims Grillo wished to raise on appeal were wholly frivolous. Grillo filed neither a *pro se* brief, nor retained alternate counsel for this appeal.

Before we can address the issues presented in Attorney Campbell's *Anders* Brief, we must determine whether she complied with the requirements of *Anders* and its progeny in petitioning to withdraw as counsel. *See Commonwealth v. Garang*, 9 A.3d 237, 240 (Pa. Super. 2010) (stating that "[w]hen presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.") (citation omitted).

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal[,] along with any other issues necessary for the effective appellate presentation thereof.
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

---

[6] In its Order, the trial court expressed its disapproval of Grillo's numerous requests for the appointment of new counsel, stating that, "in the past four years, [Grillo] has availed himself, at the expense of [Pike] County, of five attorneys and a private investigator[,] with expenses totaling $17,012.81." Order, 11/25/14, at 1.

*Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007) (citations omitted); *see also Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (stating that "[c]ounsel [] must provide a copy of the *Anders* brief to h[er] client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief.") (internal quotation marks and citation omitted).

Additionally, a proper *Anders* brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

In the instant case, Attorney Campbell has filed a Petition to Withdraw, certifying that she has conscientiously examined the record and determined that Grillo's appeal is wholly frivolous. Attorney Campbell also has filed a brief that includes a summary of the history and facts of the case, the issues raised by Grillo, and counsel's assessment of why those issues are meritless, with citations to relevant legal authority. Importantly, however, Attorney Campbell asserts that

> [**Grillo**] **has not been able to be notified of** [**counsel's**] **request to withdraw**[,] as [Grillo] was released from the New

> York State Department of Corrections and has not made contact with [] counsel since his release. During the course of the representation, [Grillo] was serving a life sentence with the New York State Department of Corrections; however, the New York sentence was apparently overturned[,] and [Grillo] has since been released. [Attorney Campbell] has made numerous efforts to attempt to locate [Grillo]; however, due to the fact that he is not currently on supervision or bail, his whereabouts are unknown[,] as he has been released back into the community. [Grillo] has made no effort to write to or contact [Attorney Campbell] since his release.

*Anders* Brief at 13-14 (emphasis added). Attorney Campbell mailed to Grillo, at his last-known address at a correctional facility in New York State, copies of (1) the *Anders* Brief; (2) the Petition to Withdraw; and (3) a letter advising Grillo of his right to retain new counsel, proceed *pro se* or raise any additional points that he deems worthy of this Court's attention. Hereinafter, we collectively refer to these three documents as "the *Anders* Notice documents."

Though Attorney Campbell was unable to ensure that Grillo received copies of the *Anders* Notice documents, given the unique circumstances of this case, we do not deem this fatal to counsel's compliance with the *Anders* requirements. *See*, *e.g.*, *Commonwealth v. O'Malley*, 957 A.2d 1265, 1267 (Pa. Super. 2008) (stating that substantial compliance with the requirements to withdraw as counsel can satisfy the *Anders* criteria). The sentencing court in this case transferred Grillo back to New York State, where he was serving a lengthy prison sentence. Apparently, Grillo was thereafter unexpectedly released from incarceration and supervision. Attorney Campbell avers she made numerous attempts to locate Grillo to

fulfill her responsibility and serve him with the **Anders** Notice documents.[7]

Though Grillo knew that he had a direct appeal pending in the instant case, following his release from prison in New York State, he never contacted Attorney Campbell, the trial court, or this Court. Accordingly, based on these unique circumstances, Grillo waived his right to notice under **Anders**.[8]

Aside from the above-mentioned defect, Attorney Campbell's competent **Anders** Brief and Petition to Withdraw comply with all of the requirements of **Anders** and **Santiago**. Accordingly, because Attorney Campbell has substantially complied with the procedural requirements for withdrawing from representation, we will independently review the record to determine whether Grillo's appeal is, in fact, wholly frivolous. **See Commonwealth v. Daniels**, 999 A.2d 590, 594 (Pa. Super. 2010) (stating

---

[7] It is not the obligation of counsel to make exhaustive efforts to ascertain the whereabouts of a client who disappears after being unexpectedly released from custody, or to guarantee service upon the client.

[8] In so ruling, we are cognizant of Grillo's constitutional right to a counseled direct appeal. **See Orellana**, 86 A.3d at 881 (stating that "[a] defendant has a constitutional right to a direct appeal, **see** Pa. Const. Art. I, § 9, and a constitutional right to counsel for his direct appeal.") (citation and ellipses omitted). However, our ruling does not impinge on such right, as we merely hold that, under these specific circumstances, Attorney Campbell is not obligated to ensure that Grillo was served with the **Anders** Notice documents in order to be entitled to withdraw under **Anders**. Moreover, as Attorney Campbell has asserted her opinion that Grillo's appeal is wholly frivolous, it would be inappropriate for us to effectively require her (*i.e.*, if we remanded the matter and counsel thereafter still cannot locate Grillo), to file an advocate's brief on Grillo's behalf. **See Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (stating that "[i]f counsel does not fulfill the [] technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on [a]ppellant's behalf)."

- 7 -

that, after determining that counsel has satisfied the **Anders** requirements, this Court must then conduct its own review of the record and independently determine whether the appeal is wholly frivolous).

In her **Anders** Brief, Attorney Campbell presents the following questions for our review:

> I.   Whether there are any non-frivolous issues preserved for appeal?
>
> II.  Whether the [trial] court improperly sentenced [Grillo] by imposing a payment of $500.00 in restitution to the victims[,] when no fact[-]finding determination had been made relative to damages sustained by the victim[s]?
>
> III. Whether defense counsel rendered ineffective assistance to [Grillo] by failing to advise [him] that the offenses to which he ple[]d guilty would res[ult] in fines imposed?
>
> IV.  Whether or not the [trial court] improperly denied various pre-trial [M]otions filed by [Grillo], including a Motion for dismissal of charges, a Motion for *habeas corpus*, an Application for a psychiatric evaluation, and a Motion to suppress?

**Anders** Brief at 6 (some capitalization omitted).[9]

Grillo first argues that the trial court improperly ordered him to pay $500 in restitution to the victims without having made any factual findings as to the exact amount of the losses sustained by the victims. **Id.** at 16.

> [I]n the context of criminal proceedings, an order of restitution is not simply an award of damages, but, rather, a sentence. An appeal from an order of restitution based upon a claim that a restitution order is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing. The determination as to whether the trial court

---

[9] We have already addressed the first issue enumerated above, as it concerns Attorney Campbell's request to withdraw under **Anders**.

imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary.

***Commonwealth v. Kinnan***, 71 A.3d 983, 986 (Pa. Super. 2013) (citation omitted); ***see also Commonwealth v. Stradley***, 50 A.3d 769, 771-72 (Pa. Super. 2012) (stating that because "[the appellant's] claim on appeal challenges the legality of his sentence, its review is not abrogated by the entry of his guilty plea.").

The statute governing mandatory restitution for injuries to persons or property, 18 Pa.C.S.A. § 1106, provides, in relevant part, as follows:

(a) Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, … the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

* * *

[(c)](2) At the time of sentencing the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court:

(i) Shall consider the extent of injury suffered by the victim, the victim's request for restitution as presented to the district attorney in accordance with paragraph (4) and such other matters as it deems appropriate.

* * *

(3) The court may, at any time or upon the recommendation of the district attorney that is based on information received from the victim … collect restitution …, provided, however, that the court states its reasons and conclusions as a matter of record ….

18 Pa.C.S.A. § 1106(a), (c).

Here, the trial court addressed Grillo's claim as follows:

[Grillo] was sentenced in accordance with his [*nolo contendre*] plea agreement on July 21, 2014. A correction to the July 21 sentencing [O]rder was filed on July 23, 2014. In this case, both the original sentencing Order of July 21, 2014, and the corrected Order of July 23, 2014, clearly indicate that [Grillo] was ordered "to pay $500.00 in Restitution[,] which shall be split by the victims[,]" and that the [sentencing c]ourt "has taken into consideration the loss suffered by the victims in this matter." Sentencing Order, filed July 21, 2014, pg. 2[; *s*]*ee also* Corrected Order, filed July 23, 2014, pg. 2. In addition, a properly completed [*nolo contendre*] plea colloquy indicating a $500.00 restitution payment was initialed and signed by [Grillo]. [] Plea Colloquy, filed July 21, 2014, pg. 1. Therefore, th[e trial c]ourt believes that the sentence imposing $500.00 in restitution is proper.

Trial Court Opinion, 10/6/14, at 4-5 (some capitalization and paragraph break omitted). The trial court's analysis is supported by the record.

Additionally, we are persuaded by Attorney Campbell's following argument in support of her determination that this claim is frivolous:

The law does not require or mandate that a fact[-]finding determination relative to the damages sustained by the victims be made. [*See*, *e.g.*, 18 Pa.C.S.A. § 1106, *supra*]. The law, however, does permit for a hearing on the amount of restitution[,] to be requested by a defendant whenever there is an issue that relates to the amount of restitution imposed. … Since the time of sentencing, [Grillo] has not made any requests for a restitution hearing.

***Anders*** Brief at 16. Thus, we conclude that the trial court did not err or abuse its discretion in imposing restitution as part of the sentence, and Grillo's first claim is, in fact, wholly frivolous.

Next, Grillo asserts that his trial counsel rendered ineffective assistance by failing to advise Grillo that the sentencing court would be

imposing fines, court costs, and restitution in connection with his sentence. *Id.* at 19.

This claim is wholly frivolous because it is not cognizable. Ineffectiveness claims generally may not be raised in the first instance on direct appeal. *Commonwealth v. Holmes*, 79 A.3d 562, 563 (Pa. 2013) (reaffirming the general rule of deferral to PCRA review of ineffectiveness claims set forth in *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002)). Accordingly, if Grillo wishes to raise an ineffectiveness challenge regarding his trial counsel's representation, he must wait to raise this claim upon collateral review.

Finally, Grillo argues that the trial court erred by denying Grillo's Pretrial Motions. *Anders* Brief at 21.

For purposes of review, a plea of *nolo contendere* is treated the same as a guilty plea. *Commonwealth v. Lewis*, 791 A.2d 1227, 1230 (Pa. Super. 2002). By entering a plea of *nolo contendere*, a defendant waives "all defects and defenses except those concerning the jurisdiction of the court, legality of sentence, and validity of plea." *Commonwealth v. Nelson*, 666 A.2d 714, 717 (Pa. Super. 1995); *see also id.* (stating that "once a defendant has entered a plea of *nolo contendere*, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him.") (citation and brackets omitted).

Accordingly, because Grillo pled *nolo contendere*, he therefore waived any challenge to the denial of Grillo's Pretrial Motions and/or to present any

defects or defenses aside from the limited grounds set forth above. ***See id***. Moreover, in his plea colloquy, Grillo indicated his understanding that, by entering his plea, he was (1) "waiving [his] right to file any pre-trial motions and *waiving any such motions already filed*"; (2) "waiving [his] rights to present any defenses"; and (3) "giv[ing] up [his] right to appeal to the Superior Court on the basis of any trial errors," aside from a limited number of claims not relevant in this case. Plea Colloquy, 7/21/14, at ¶¶ 24, 36 (emphasis added). Grillo's final issue is wholly frivolous.

In conclusion, we agree with Attorney Campbell's analysis that all of Grillo's issues are without merit and wholly frivolous. In addition, having independently reviewed the entire record before us, we conclude there are no other issues of merit for appellate review. Thus, we grant Attorney Campbell's Petition to Withdraw, and affirm Grillo's judgment of sentence.

Petition to Withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/2016

- 12 -